GEORGE L. AND PEARLINE CLEMONS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clemons v. Commissioner
Docket No. 7118-77.
United States Tax Court
T.C. Memo 1979-273; 1979 Tax Ct. Memo LEXIS 255; 38 T.C.M. (CCH) 1071; T.C.M. (RIA) 79273; July 23, 1979, Filed *255 Held: Respondent's disallowance of deductions for theft of tools, casualty losses for two automobiles, and cost of new tools sustained, except for $900 of the cost of new tools found to have a useful life of less than 1 year. George L. Clemons, pro se. David Roth, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency of $606 in petitioners' income tax for the taxable year 1975. The issues presented by this case are as follows: (1) Whether petitioners are entitled to a theft loss deduction for work tools stolen in 1975. (2) Whether *257 petitioners are entitled to deductions for casualty losses in excess of the amounts allowed by respondent; and (3) Whether the cost of tools purchased in 1975 is a capital expenditure required to be depreciated over a 3-year useful life. FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, are incorporated herein by reference. Petitioners, George L. and Pearline Clemons, were husband and wife at all times pertinent to this case. At the time of the filing of the petition herein petitioners maintained their legal residence in Los Angeles, Calif. Petitioners timely filed a joint income tax return for 1975 prepared under the cash method of accounting. George Clemons was an automobile repairman during the period pertinent to this case and was required by his employer to furnish his own tools. On their 1975 return petitioners claimed deductions for casualty and theft losses of $3,150. Of this amount, $1,500 was claimed for tools stolen during the taxable year. The balance, $1,650, was claimed for the loss of two automobiles by casualties. Of the total amount claimed as casualty and theft *258 losses, respondent disallowed the $1,500 theft loss and disallowed $425 of the claimed casualty losses of the automobiles. The adjusted basis of the tools stolen in 1975 is not established by the record. Petitioners owned a 1964 2-door Oldsmobile Cutlass and a 1967 4-door Ford LTD, both of which were involved in separate accidents during 1975. Petitioners decided that the cost of repairing the cars was excessive and therefore decided not to do so. No insurance or other recovery was made as a result of the damage to these cars. Respondent determined that the fair market value of the Oldsmobile before the accident was $450 and that the fair market value of the Ford before the accident was $975. [1]
*259 In 1975 petitioners purchased $1,800 worth of tools to replace the tools which had been stolen. On their return for 1975 petitioners claimed a deduction of $1,700 for tools, uniforms, safety shoes, and gloves. Of this amount respondent allowed $286 as the cost of the uniforms, tools, and gloves.During the course of the audit respondent ascertained that petitioners had actually spent $1,800 for tools alone in 1975. Respondent determined that the tools had a useful life in excess of 1 year and that the cost thereof should be capitalized and depreciated over a period of 3 years. Consequently, he disallowed any deduction for the cost of the tools but allowed a deduction of $600 for depreciation of the tools. On their returns for the taxable years 1972 through 1974 petitioners claimed deductions for the cost of tools and equipment of $972.39, $941, and $950, respectively. Tools purchased by petitioners in 1975 having a cost of $900 had a useful life of less than 1 year. OPINION The first issue presented to us involves the $1,500 loss claimed by petitioners as a result of the theft in 1975 of the tools used by George in his work as an automobile repairman. *260 A deduction for the loss by theft of property used in a trade or business is permitted by sections 165(a) and 165(c)(1), I.R.C. 1954.[2] The amount of the loss (assuming no insurance recovery) is the lesser of the fair market value immediately prior to the theft or the adjusted basis of the property stolen. Sec. 165(b); secs. 1.165-7(b)(1) and 1.165-8(c), Income Tax Regs. Respondent does not dispute the fact that tools were stolen in 1975 and that the tools apparently were uninsured.However, respondent assumed that the tools stolen in 1975 were the tools that petitioners had purchased and expensed in 1972, 1973, and 1974 and determined that petitioners had no unrecovered cost basis in the tools that were stolen; hence, he disallowed the theft loss in its entirety. *261 Petitioners represented themselves at the trial of this case and did not file a brief. Unfortunately, they offered no evidence to rebut respondent's assumption, and in fact George testified that some of the tools he used had a useful life of more than 1 year. Further, petitioners offered no evidence of either their cost in, or the fair market value of, the tools at the time they were stolen. Respondent's assumption is not without justification, and petitioners have failed to carry their burden of proving error in respondent's determination on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure. We have no choice but to uphold respondent's disallowance of the $1,500 theft loss. With regard to the $1,650 casualty loss deduction claimed by petitioners as a result of the damage to their two cars in 1975, respondent allowed a deduction of $1,225 after reduction of the losses by the $100 floor provided in section 165(c)(3). [3] Respondent determined that the fair market value of the Oldsmobile before the accident was $450 based on George's statement that he had paid $600 for it in 1973 and it was in good condition. Respondent determined that the fair market value of *262 the Ford before the accident was $975 based on the high blue book value of that model car in 1975 and George's statement that the car was in good condition. The only evidence offered by petitioners on this issue was the testimony of George that he thought he could have sold the Oldsmobile for about $900. This is belied by the fact that petitioners only paid $600 for the car 2 years earlier. Petitioners offered no evidence at the trial on either their cost or adjusted basis or the fair market value of the Ford at the time of the accident. The burden of proof was on petitioners to prove their right to a loss in excess of the amount allowed by respondent. Burnet v. Houston,283 U.S. 223 (1931). This they have failed to do. We find respondent's use of the high blue book value on the Ford as the measure of petitioners' loss to be reasonable and fair. Respondent's determination on this issue is sustained. *263 Finally, we turn to respondent's determination that the $1,800 cost of the tools acquired in 1975 to replace those stolen was a capital expenditure depreciable over a 3-year useful life rather than a currently deductible business expense. We agree that a portion of the expense must be capitalized because the useful life of some of the tools exceeds 1 year, see sec. 1.263(a)-2(a), Income Tax Regs. However, we are persuaded by the record that approximately $900 of the expenditures was for small tools and equipment that had a useful life of less than 1 year and was currently deductible as a business expense under section 162(a). The balance, $900, must be allocated to those tools which are not replaced annually. And while there is nothing in the record which supports respondent's determination of a 3-year useful life for these tools, there is nothing in the record which refutes it either. Respondent's determination appears reasonable, and in the absence of evidence to the contrary, we accept it. Therefore, we conclude that petitioners are entitled to a deduction pursuant to section 162 of $900. They are also entitled to a deduction of $300 for depreciation *264 of the $900 cost of the tools that was capitalized, based on a 3-year useful life. Sec. 1.167(a)-1(a), Income Tax Regs.
Decision will be entered under Rule 155.
Footnotes
1. Respondent's determination was based on the report of the auditor assigned to the case whose conclusions were read into the record. With regard to the Oldsmobile, the auditor accepted petitioners' statement that the car had been purchased in 1973 for $600 and was in very good condition immediately prior to the accident. With regard to the Ford, the auditor accepted petitioners' statement that it had been acquired in 1973 for $2,500 and was in very good condition. He used the high blue book value for a 1968 Ford LTD of $1,025, less a salvage value of $50.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, unless otherwise indicated. Sec. 165(a) and (c)(1) provide: (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals.-- In the case of an individual, the deduction under subsection (a) shall be limited to-- (1) losses incurred in a trade or business; * * *.↩
3. Sec. 165(c)(3) permits a deduction to individuals for casualty losses of property not connected with a trade or business to the extent that the loss from each casualty exceeds $100. The measure of the loss is the lesser of the difference between the fair market values immediately preceding and following the casualty or the adjusted basis. Sec. 165(b); sec. 1.165-7(b)(1), Income Tax Regs.↩